

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00120-CR

JOSEPH LEE ESCOBAR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 349th District Court
Houston County, Texas
Trial Court No. 16CR-192

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

A Houston County[1] jury convicted Joseph Lee Escobar of possession of a controlled substance, methamphetamine, in an amount less than one gram. After a punishment hearing, the trial court sentenced Escobar to two years' confinement in state jail, suspended the sentence, placed Escobar on community supervision for four years, and assessed Escobar a fine of $750.00, court costs of $405.00, and restitution of $180.00. Escobar's first court-appointed attorney on appeal filed a brief in accordance with *Anders v. California* in which he maintained that there were no arguable grounds to be raised on appeal. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). In our review of the record, we noted that there were arguable appellate issues regarding the trial court's orders requiring Escobar to pay all of the court-appointed attorney fees in this case contained in both the trial court's judgment and in its order imposing conditions of community supervision. We abated the appeal for appointment of new appellate counsel and instructed the new counsel to address these issues and any other issue that warranted further development on appeal.

Escobar has filed a supplemental brief challenging the trial court's assessment of court-appointed attorney fees and the trial court's requirement that he pay all court-appointed attorney

---

[1] Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

fees as a condition of community supervision. We agree with Escobar. By letter, the State has notified the Court that it will not file a brief in this case and that it understood that the judgment would likely be modified to remove the assessment of attorney fees.

In this case, it is uncontested that Escobar was indigent and represented by court-appointed counsel both at trial and on appeal. At the sentencing hearing, Escobar testified that he was unemployed, that he had not been working for a year and one half, and that he had had no income during that time. At the end of the hearing, the trial court sentenced Escobar to two years' confinement in state jail, probated for four years, and assessed him a $750.00 fine, court costs, $180.00 Department of Public Safety laboratory fee "restitution," and attorney fees reimbursement. Under a section entitled "Furthermore, the following Special finding or orders apply," the trial court's judgment provided that "Defendant is responsible for any court appointed attorney fees in this case." The amount of attorney fees was not stated by the trial court, either orally or in its written judgment. Condition number eighteen of the trial court's order imposing conditions of community supervision also required Escobar to pay all court-appointed attorney fees, but it did not state the amount of the fees. The order imposing conditions of community supervision was incorporated into the judgment by reference.

A defendant placed on community supervision may challenge for the first time on appeal the sufficiency of the evidence supporting the assessment of attorney fees in his judgment of conviction and imposed as a condition of community supervision. *Wiley v. State*, 410 S.W.3d 313, 320 (Tex. Crim. App. 2013). Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if the

3

court determines that a defendant has financial resources that enable him to offset the costs of the legal services provided, including any expenses and costs, whether in whole or in part. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2018). Likewise, a trial court may require a defendant placed on community supervision to reimburse the county for the costs of the legal services provided by an appointed attorney only "if the judge determines that the defendant has financial resources that enable the defendant to offset in part or in whole the cost of the legal services provided to the defendant." TEX. CODE CRIM. PROC. ANN. art. 42A.301(a)(11) (West 2018). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). Once a defendant is determined to be indigent, he "is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2018). Here, the record contains no determination or finding by the trial court that there was a material change in Escobar's financial circumstances or that he had the financial resources to pay the appointed attorney fees.

Consequently, we hold that the trial court erred in assessing all court-appointed attorney fees against Escobar and in requiring Escobar to pay all court-appointed attorney fees as a condition of community supervision. We sustain Escobar's issues.

We modify the trial court's order imposing conditions of community supervision by deleting condition number eighteen in its entirety. We also modify the trial court's judgment by

4

deleting the following sentence: "Defendant is responsible for any court appointed attorney fees in this case."

We affirm the trial court's judgment, as so modified.


Josh R. Morriss III
Chief Justice

Date Submitted:     April 29, 2019
Date Decided:      April 30, 2019

Do Not Publish